COMMONWEALTH *vs.* EASTERN RAILROAD COMPANY.
GEORGE W. KEENE & others *vs.* SAME.

A statute requiring a railroad corporation, whose charter, under the Rev. Sts. *c.* 44, § 23, (Gen. Sts. *c.* 68, § 41,) is subject to amendment, alteration or repeal at the pleasure of the legislature, to erect a station-house at a place on its road and cause trains to stop there, is not in violation of the Constitution of the United States, as impairing the obligation of a contract; and may require the station-house to be reasonably commodious in the judgment of commissioners to be appointed by this court.

THE FIRST CASE was an action of tort on the St. of 1868, 89, which was passed March 27 of that year, and is printed

in the margin,* against a railroad company incorporated by the St. of 1836, *c.* 232, to recover $400 for the delay of the defend· ants for two months to establish a station at Knight's Crossing in Newbury.    Writ dated September 16, 1868.    The answer alleged that the St. of 1868, *c.* 89, was unconstitutional.    The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon the pleadings, and these facts agreed :

" It is agreed that, since the passage of the St. of 1868, *c.* 89, the defendants did not, prior to the date of this writ, take any steps by way of compliance with the provisions of said act; that they did not erect any station-house at the place named in said act, and have never caused any trains to stop at said place; and that they have never advertised or in any way recognized Knight's Crossing as a station or place for the stopping of trains, whether signalled or otherwise.    It is further agreed that the plaintiffs have no evidence that any person ever offered himself as a passenger at said station, or that any freight was ever offered there for carriage; but it is agreed also that the defend· ants have never made any provisions for receiving passengers or freight there."

*J. C. Davis*, Assistant Attorney General, for the Common- wealth, cited *Roxbury* v. *Boston & Providence Railroad Co.* 6

---

* " SECTION 1. The Eastern Railroad Company is hereby required to estab- lish and maintain, on the line of its railroad at Knight's Crossing, so called, in the town of Newbury, a flag station ; and to erect at said place a station-house reasonably commodious for the use of passengers and the accommodation of freight, at which at least two trains each way shall stop each day, upon the proper signals being made ; and said company is hereby authorized to tak·ᵗ such land as shall be necessary for the erection of such station-house, and for approaches thereto, under the provisions of the sixty-third chapter of the General Statutes.

" SECTION 2. Said station-house shall be ready for the accommodation of passengers and freight by the first day of July next, and said Eastern Railroad Company shall forfeit and pay the sum of two hundred dollars for each month's delay in the establishment of said station after said first day of July, to be recovered to the use of the Commonwealth.

" SECTION 3. This act shall take effect upoᴉ its passage."

Cush. 424; *Massachusetts General Hospital* v. *State Assurance Co.* 4 Gray, 227, 234; *Bangor, Oldtown & Milford Railroad* v. *Smith*, 47 Maine, 34, 49; *Suydam* v. *Moore*, 8 Barb. 358; 1 Am. Law Rev. 451.

*B. R. Curtis & E. Merwin*, for the defendants, cited *Oliver* v. *Washington Mills*, 11 Allen, 268; *Commonwealth* v. *New Bedford Bridge*, 2 Gray, 339; *Old Colony & Fall River Railroad Co.* v. *County of Plymouth*, 14 Gray, 155; *Roxbury* v. *Boston & Providence Railroad Co.* 6 Cush. 424; *Fitchburg Railroad Co.* v. *Grand Junction Railroad & Depot Co.* 4 Allen, 198; *Commonwealth* v. *Essex Co.* 13 Gray, 239, 253; *Central Bridge Co.* v. *Lowell*, 15 Gray, 106, 117; *Miller* v. *New York & Erie Railroad Co.* 21 Barb. 513; *Sage* v. *Dillard*, 15 B. Monr. 340; *State* v. *Noyes*, 47 Maine, 189.

CHAPMAN, C. J. By the St. of 1868, *c.* 89, the defendants are required to establish a flag station on their railroad at Knight's Crossing in Newbury, and erect there a station-house at which at least two trains each way and each day shall stop. The statute has not been complied with, and the defendants contend that it is unconstitutional. The defendants were chartered April 14, 1836, subject to the provision in the Revised Statutes that every act of incorporation passed since March 11, 1831, shall at all times be subject to amendment, alteration or repeal at the pleasure of the legislature,* and to the provisions of the 39th chapter of the Revised Statutes.

The defendants say that the act of 1868 violates the contract made with them by the Commonwealth; and requires them to expend their property for an assumed public use without compensation, contrary to the Constitutions of the United States and of this state.

That such a charter is a contract is not denied. It was so held in *Dartmouth College* v. *Woodward*, 4 Wheat. 518; and charters are habitually spoken of as contracts. In *Blakemore* v. *Glamorganshire Canal Navigation*, 1 Myl. & K. 154, Lord Eldon said he regarded them all in the light of contracts made by

---

* Rev. Sts. *c.* 44, § 23; reënacted by Gen. Sts. *c.* 68, § 41.

the legislature on behalf of every person interested in any-thing to be done under them. In respect to charters for rail-roads, both the legislature and the corporation act as trustees of the public interest to some extent; for the corporation is intrusted with the exercise of the right of eminent domain, which is in its nature a public right, and is not to be sacrificed to uses that are exclusively private. The private interests of the stockholders are likely to have a controlling influence with the officers of the company, and it is important that the legislature should possess the power to prevent abuses to which this influ-ence may lead. To some extent they would possess such a power without any clause in the charter reserving it. But to define their rights more clearly, the clause has been introduced reserving to them the power to alter, amend and repeal. This clause constitutes a part of the express contract between the legislature and the corporation. The question arising in the present case is, whether the act of 1868 above referred to is within the fair interpretation of this clause. In several cases this clause has been the subject of discussion. In *Roxbury v. Boston & Providence Railroad Co.* 6 Cush. 424, 432, it was said by the court that the clause authorized the legislature to make reasonable alterations and amendments, and it was held that the St. of 1842, c. 22, which authorized county commissioners, upon the application of the selectmen, &c., to alter or lower roads so as to prevent crossings at the same grade with a rail-road, and to require the corporation to pay the expense with costs, was a valid act. It is true that it was a general act; but it required corporations to expend money for the benefit of the public and without any apparent equivalent to themselves, ex-cept to diminish the danger of collisions with travellers on the highway. In *Fitchburg Railroad Co. v. Grand Junction Rail-road & Depot Co.* 4 Allen, 198, 205, the clause was applied to special statutes of 1856, c. 296, and 1857, c. 128, which required the Fitchburg, the Grand Junction and the Boston and Lowell Railroad Corporations to make expensive changes at their cross-ings, and to erect a bridge of specified dimensions and materials and construct a connecting track, and which directed how the

work should be superintended, and how the expense should be apportioned. The court held that under this clause the changes were rightly ordered, and that the legislature might prescribe by whom, in what manner and under whose supervision the work should be accomplished, and in what proportions according to their respective interests it should be paid for by the parties affected by it. As these are special acts directing expensive changes at a particular locality, the present case seems to be covered by that.

But independently of the authority of those cases, it seems to us that the clause was intended to provide for such a case as the present. If the directors of a railroad were to find it for the interest of the stockholders to refuse to carry any freight or passengers except such as they might take at one end of the road and carry entirely through to the other end, and were to refuse to establish any way stations or do any way business for that reason, though the road passed for a long distance through a populous part of the state, this would be a case manifestly requiring and authorizing legislative interference under the clause in question. And on the same ground, if they refuse to provide reasonable accommodation for the people of any smaller locality, the legislature may reasonably alter and modify the discretionary power which the charter confers upon the directors, so as to make the duty to provide the accommodation absolute. Whether a reasonable ground for interference is presented in any particular case is for the legislature to determine; and their determination on this point must be conclusive.

The objection that it takes the property of the company and appropriates it to the benefit of others is not valid. The depot which they are required to build is to be their own, like all the other depots, and their compensation for all their outlays is in their freights and fares. If the act required them to build a structure for the private benefit of others exclusively, and having no connection with the business of their road, the case might be within the principle stated in *Commonwealth* v. *Essex Co.* 13 Gray, 239, 253, as it would take away their property or rights which had become vested under a legitimate exercise of

the power granted them. It was there held that an act requir-
ing a water power company to erect a fish way in their dam
was void. But the act upon which this action is brought is not
subject to such an objection. It is a modification of the charter,
within the fair interpretation of the power reserved to the legis-
lature in the charter, and merely requires them to provide what
the legislature regards as a reasonable accommodation to the
public in a particular locality where they are using property
which they have taken for that purpose.

*Judgment for the Commonwealth.*


THE SECOND CASE, which was argued at the same time, was a
petition, filed January 16, 1869, by George W. Keene and more
than twenty-five other legal voters of the city of Lynn, under
the St. of 1868, *c.* 348, (which was passed June 11 of that year
and is printed in the margin,*) alleging that the Eastern Rail-
road Company, though often requested to erect a new station-
house in Lynn in compliance with § 1 of that statute, and to do
the other acts thereby authorized or required, had wholly neg-
lected and refused so to do, and praying therefore " that three.

---

\* " SECTION 1. The Eastern Railroad Company is hereby required to erect
a new station-house, and to maintain the same on said railroad at the central
station on Central Square in Lynn, reasonably commodious for the use of pas-
sengers, together with sufficient platforms, and containing a ticket-office and
separate apartments for men and women; and said company is hereby author-
ized to take such land as may be necessary for the erection of said station-
house, with proper approaches thereto, under the provisions of the statutes
authorizing railroad corporations to take land for the construction of railroads.

" SECTION 2. In case of neglect or failure of said corporation to erect such
station-house, as aforesaid, within six months from the passage of this act, the
supreme judicial court may, on the application of any twenty-five legal voters
in the city of Lynn, and notice to said corporation, appoint three commission-
ers at the expense of said corporation, who shall decide all questions relating
thereto that may arise between the parties; and the said court or any judge
thereof shall have full power and authority to make any decisions or pass any
orders in the premises that may be suitable, to compel a specific performance
of the requirements of this act.

" SECTION 3. This act shall take effect upon its passage."

commissioners may be appointed at the expense of said corpora-
tion, with instructions to hear the parties and to decide all ques-
tions relating to the erection of said station-house that may
arise between the parties; and that such orders may be passed
as may be suitable to compel a specific performance by said cor-
poration of the requirements of said act; and for such other
relief in the premises as may be just and proper."

Notice was given to the railroad corporation, and it appeared
and made answer, admitting that it had not erected a new
station-house in Lynn as directed to do by the statute, but de-
nying that the statute was constitutional, and that the court
had any jurisdiction or authority in the premises.

By agreement of the parties, the case was reserved by *Gray,*
J., for the determination of the full court, upon the petition and
answer " with like effect as if the same were a bill and answer
in equity."

*P. W. Chandler & G. O. Shattuck,* for the petitioners.

*B. R. Curtis & E. Merwin,* for the respondents, relied on the
grounds taken in the preceding case; and also argued that the
petition, so far as it asked for anything beyond the appointment
of commissioners, was not authorized by the statute; that com-
missioners should not be appointed until it should first be deter-
mined, in a proceeding instituted by the attorney general in be-
half of the public or the Commonwealth, whether the statute
imposed any lawful duty upon the corporation the execution of
which commissioners are needed to regulate or supervise; and
that such commissioners as are contemplated in the statute
would be judicial officers within the meaning of the Consti-
tution of Massachusetts, part 2, *c.* 2, § 1, art. 9, and therefore
could not be appointed by this court.

BY THE COURT. The statute is constitutional and valid, for
the reasons stated in the opinion in *Commonwealth* v. *Eastern
Railroad Company.*

*Prayer of petition granted; commissioners to be appointed.*