## WORCESTER AND NASHUA RAILROAD COMPANY *vs.* RAILROAD COMMISSIONERS.

Worcester. Oct. 7, 1875. Oct. 8. — 22, 1875. WELLS & AMES, JJ., absent.

On a petition for a writ of certiorari to bring up and quash the proceedings in an inferior tribunal, notice to show cause against the issuing of the writ must be given to the tribunal to which the writ, if granted, will be addressed, and that tribunal is the only party which can file an answer or demurrer to the petition.

On a petition for a writ of certiorari to bring up and quash the proceedings of an inferior tribunal, the answer of that tribunal, when it states any facts, is in the nature, not of an allegation of a party, but of an official return conclusive in all matters of fact, and should be signed by the members of the tribunal, and not by attorney; but if a question of law only is intended to be raised by a demurrer to the petition, that may be filed by attorney; and the attorney of the person or corporation interested to maintain the proceedings sought to be quashed may properly appear, by the permission and in the name of the respondent, to oppose the petition.

Under the St. of 1871, c. 343, providing for the establishment of a Union Passenger Station in the city of Worcester for five railroad corporations whose roads lead into and from the city, and for making corresponding changes in their several tracks and locations, and for regulating the use thereof and the compensation therefor in the transportation both of passengers and of freight, and providing in § 10 that the Boston, Barre and Gardner Railroad Corporation, one of the said corporations, "may extend its railroad to said Union Passenger Station, and for that purpose may locate, construct and maintain its railroad within the location of any

other railroad corporation in said city, at such places and upon such terms as the parties agree, or, in case of disagreement, as the board of railroad commissioners determines," the commissioners have no power to authorize the Boston, Barre and Gardner Railroad Corporation to take as well as to use lands within the location of another railroad in the city, and it is their duty, upon a petition to them by the corporation whose lands they authorize the above named corporation to use, to fix the compensation to be paid by the latter corporation to the former.

PETITION for a writ of certiorari to the board of railroad commissioners. The petition alleged that the petitioner and the Boston, Barre and Gardner Railroad Corporation were railroad corporations having their places of business in this county, and the petitioner had a location extending through the city of Worcester; that by the St. of 1871, c. 343, § 10, the Boston, Barre and Gardner Railroad Corporation was authorized to extend its railroad from the terminus north of Garden Street in this city to the Union Passenger Station, and to locate, construct and maintain the same within the location of the railroad of any other corporation, at such places and upon such terms as the parties should agree, and, in case of their disagreement, as the board of railroad commissioners should determine ; that for that purpose the Boston, Barre and Gardner Railroad Corporation desired to locate, construct and maintain its road within the location of the petitioner in this city ; that the parties failed to agree upon the terms or the places of such location, construction and maintenance ; that the Boston, Barre and Gardner Railroad Corporation applied to the board of railroad commissioners, and, setting forth these facts, prayed that board to determine the terms and places aforesaid ; that the board of railroad commissioners, after notice to the petitioner of that application, heard the parties, and determined that the Boston, Barre and Gardner Railroad Corporation might locate, construct and maintain its road, for such purpose, at certain places within the petitioner's location in this city, upon certain terms, and made and promulgated a decree, wherein those places and terms were described and set forth ; that at that hearing the petitioner prayed the board to assess and award to the petitioner damages for the injury to its land and easements by such location, construction and maintenance, and to require the Boston, Barre and Gardner Railroad Corporation to secure and pay such damages as part of the terms on which it should be permitted to locate, construct and maintain its road .

that the board of railroad commissioners refused so to do, and ruled that it had no jurisdiction or authority to assess such damages, or to make payment thereof or security therefor part of the terms aforesaid ; that the board erred in such ruling, and that the petitioner was aggrieved by such refusal, and had sustained much damage by such location, construction and maintenance, for which it was without remedy. The prayer of the petition was that a writ of certiorari might issue, requiring the board of rail-road commissioners to certify its proceedings in the premises, and that the same might be quashed.

The Boston, Barre and Gardner Railroad Corporation appeared and demurred to the petition, and the case was reserved by *Devens*, J., upon the petition and demurrer, both corporations consenting, for the consideration of the full court.

When the papers had been read, THE COURT observed that no notice had been given to the railroad commissioners, or appearance entered or answer filed in their behalf.

*G. F. Hoar*, for the petitioner, suggested that as the hearing was upon the petition, which was addressed to the discretion of the court, it was sufficient, and in accordance with precedents in similar cases, to give notice to the corporation which was the adverse party at the hearing before the tribunal whose proceedings were sought to be quashed.

*F. T. Blackmer & S. Utley*, for the Boston, Barre and Gardner Railroad Corporation.

GRAY, C. J. The practice in cases of this kind is well settled by the decisions of this court. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, and cases cited. *Tewksbury* v. *County Commissioners*, 117 Mass. 563.

Upon a petition for a writ of certiorari to bring up and quash the proceedings of an inferior tribunal, notice may indeed, at the discretion of the court, be ordered to a person or corporation that was adversely interested at the hearing below. But notice to show cause against the issuing of the writ must be given to the tribunal to which the writ, if granted, will be addressed ; and that tribunal is the only party which can file an answer to the petition, or which is, strictly speaking, the adverse party. This court will not proceed to consider whether there is any error in the proceed-

ings of the inferior tribunal, without notice to it, and the inspection of a copy of its record, which is ordinarily annexed to the petition, but, if not so annexed, may be produced by the respondent.

The answer of the respondent, when it states any facts, is in the nature, not of an allegation of a party, but of an official return, conclusive in all matters of fact, and should be signed by the members of the tribunal, and not by attorney. The commissioners are not, of course, bound to appear or answer to the petition. But it is ordinarily convenient that they should, in order that the case may be decided upon its merits, and not upon technical points; for the petition is addressed to the discretion of the court, and will not be granted, unless substantial justice appears to require it; but, after the writ has been issued, the court is bound by the record.

When a question of law only is intended to be raised upon the allegations of the petition and the record annexed, an answer in the nature of a demurrer may be filed by attorney; but it must be the demurrer of the commissioners. No other party can be a respondent in the case, or file an answer or demurrer.

It will be proper, and in accordance with usage, that the counsel of the corporation which is interested to maintain the proceedings sought to be quashed should appear, by the permission and in the name of the respondents, to oppose the petition.

*Report dismissed.*

The petitioner then amended its petition, by inserting an allegation that all the proceedings of the railroad commissioners appeared by their record, and exhibiting an attested copy thereof.

By this record it appeared that the board of railroad commissioners "determines that the Boston, Barre and Gardner Railroad shall be located over such portions of the lands of the Worcester and Nashua Railroad Company as are crossed by the following described centre line, extending from the Union Passenger Station to a point, opposite the freight-house of the Boston, Barre and Gardner Railroad, north of Gardner Street in the city of Worcester:" (describing it particularly by bounds, courses, distances and monuments) "The portions of land belonging to the Worcester and Nashua Railroad Company, which are to be taken

and used under this decree by the Boston, Barre and Gardner Railroad Corporation, are as follows : " (describing them in like manner) " Wherever, by the foregoing location, the Boston, Barre and Gardner Railroad shall cross any track belonging to the Worcester and Nashua Railroad Company, the cost of constructing and maintaining the necessary frogs, and all other expenses pertaining to such crossings, shall be borne by the Boston, Barre and Gardner Railroad Corporation. In the matter of awarding damages for the land or easements of said Worcester and Nashua Railroad Company which are included in the foregoing location, the board is of opinion that it has no jurisdiction, and makes no estimate or order in the premises."

The railroad commissioners thereupon filed an answer, signed by attorney, in which " the board of railroad commissioners admit that the facts alleged in the petition are correctly stated, and that the copy, therewith exhibited, is a true copy of the record of their proceedings ; but they say that the petition doth not set forth any legal cause for granting the prayer thereof."

The case was reserved by *Gray*, C. J., at the request of the parties, upon the petition as amended, the record annexed thereto, and the answer of the railroad commissioners, for the consideration and determination of the full court.

*G. F. Hoar*, for the petitioner.

*F. T. Blackmer & S. Utley*, for the respondents. The St. of 1871, *c*. 343, § 10, authorizes the Boston, Barre and Gardner Railroad Corporation to " extend its railroad " to the Union Passenger Station, and provides that, for that purpose, it " may locate, construct and maintain its railroad within the location of any other railroad corporation in said city." The authority to extend and to locate its railroad includes the right to take all land necessary for those purposes. *Fall River Iron Works Co.* v. *Old Colony & Fall River Railroad*, 5 Allen, 221. *Springfield* v. *Connecticut River Railroad*, 4 Cush. 63. The same phraseology is generally employed in conferring upon railroads authority to take land. Sts. 1831, *c*. 72, § 1 ; 1845, *c*. 102, § 2. Section 9 of the statute in question authorizes two other railroads to " extend " their railroads, and the difference of expression between the lan guage of this section and that of § 10, in regard to the locations of their roads within the location of the Boston and Albany Rail-

road Company, is accidental. There was no intent to give to one corporation any different rights from the others.

GRAY, C. J. The scheme adopted by the Legislature in the St. of 1871, c. 343, for the establishment of one passenger sta- tion in the city of Worcester for five railroad corporations whose roads lead into and from the city, for making corresponding changes in their several tracks and locations, and for regulating the use thereof and compensation therefor, in the transportation both of passengers and of freight, necessarily required the ad- justment, in many respects, of the conflicting rights of the dif- ferent corporations, by a tribunal more peculiarly fitted for the task, and less subject to local influences, than the county commis- sioners or the mayor and aldermen. *Mayor & Aldermen of Worcester* v. *Railroad Commissioners*, 113 Mass. 161.

In the execution of this general scheme, the board of railroad commissioners was intrusted with the duty, by § 3, of determin- ing the rent to be paid to the Boston and Albany Railroad Com- pany (at whose sole expense the Union Passenger Station was to be erected and kept in repair) by the four other corporations for the use thereof; by § 4, of ordering the alterations and improve- ments in the tracks and locations in the vicinity of that station; by § 6, of establishing rules and regulations for the use of that station; by § 8, of determining in the first instance, subject to revision by a jury, the compensation to be paid by the Boston and Albany Railroad Company to two of the other corporations for the discontinuance of certain parts of their locations; by § 11, of determining the location, construction and arrangement of a viaduct to be made by said four corporations, and the con- tribution of each to the expense thereof; by § 13, the rent to be paid by the Boston, Barre and Gardner Railroad Corporation to the Worcester and Nashua Railroad Company for the use of a station required to be constructed by the latter on the opposite side of the city, for the accommodation of the local passenger traffic of these two corporations; and by § 15, what additional lands in the city any of the corporations might take for depot and station purposes.

Section 15 also authorizes the corporations severally or jointly to purchase or take such lands as are necessary for the new loca- tions or tracks. And § 18 provides that, in the exercise of the

powers granted by this act, the general laws in like cases shall apply to these corporations, and to any one sustaining damage, "except as herein otherwise provided."

Sections 9 and 10 are so important in their bearing upon this case that it will be convenient to quote them in full. They are as follows :

"SECT. 9. The Norwich and Worcester Railroad Company may extend its railroad from the Junction Depot, in said city, to said Union Passenger Station ; and the Providence and Worcester Railroad Company may extend its railroad from its present terminus at Green Street, in said city, to said Union Passenger. Station ; and for the purposes aforesaid, said corporations respectively may take such portions of the location of the Boston and Albany Railroad Company as the parties agree, or, in case of disagreement, as the board of railroad commissioners determines.

"SECT. 10. The Boston, Barre and Gardner Railroad Corporation may extend its railroad to said Union Passenger Station, and for that purpose may locate, construct and maintain its railroad within the location of any other railroad corporation in said city, at such places and upon such terms as the parties agree, or, in case of disagreement, as the board of railroad commissioners determines."

The grant of a right to extend, locate, construct and maintain a railroad is doubtless sufficient to authorize the taking of the lands necessary for that purpose, when there is nothing in the statutes to restrict its effect ; but no franchise granted to one railroad corporation confers the right, without express terms or necessary implication, to appropriate to its use lands already devoted to a like use by the location of another railroad. *Housatonic Railroad* v. *Lee & Hudson Railroad*, *ante*, 391.

By § 9 of the statute before us, each of the two corporations therein named (neither of which is interested in the question in this case) is not only authorized to extend its railroad, but is further expressly authorized for that purpose "to take portions of the location" of the Boston and Albany Railroad Company ; and the only duty imposed upon the railroad commissioners is to determine, if the parties cannot agree, what portions of that location may be taken. Under that section, the lands so taken within the location of the last named corporation would cease to be part

of its .ocation, and would become exclusively part of the location of the corporation taking them; and, no other mode of compensa ion being provided, damages for such taking might be assessed by the county commissioners or by a jury, by virtue of the general provision of § 18.

But by § 10 the only authority conferred on the Boston, Barre and Gardner Railroad Corporation, beyond the right to extend its railroad, is to locate, construct and maintain it "within the location of any other railroad corporation;" and the railroad commissioners are to determine not only the places at which, but the "terms" upon which, this is to be done. Under this section, the land over which the new location is made still remains a part of the old location also; and the terms to be fixed by the railroad commissioners necessarily include the time and manner of its use by each corporation, as well as the amount and mode of the compensation to be paid by the one to the other.

To grant to one railroad corporation the right so to use the location of another, and to leave the compensation for such use to be determined by a board of commissioners designated for the purpose, were clearly within the power reserved by the Legislature to alter, amend or repeal charters. Gen. Sts. c. 68, § 41. *Fitchburg Railroad* v. *Grand Junction Railroad*, 4 Allen, 198. *Commonwealth* v. *Eastern Railroad*, 103 Mass. 254. *Commissioners of Inland Fisheries* v. *Holyoke Water Power Co.* 104 Mass. 446, and 15 Wall. 500. *Metropolitan Railroad* v. *Highland Street Railway*, ante, 290.

It follows that the order of the railroad commissioners was erroneous in two respects: 1st. In authorizing the Boston, Barre and Gardner Railroad Corporation to "take," as well as to use, lands within the location of the Nashua and Worcester Railroad Company. 2d. In not fixing the compensation to be paid by the former corporation to the latter.

A writ of certiorari should therefore issue, returnable forthwith, upon the return of which these errors may be corrected, and the railroad commissioners directed to proceed anew according to law. Gen. Sts. c. 145, § 9. St. 1873, c. 355. *Boston & Albany Railroad* v. *County Commissioners*, 116 Mass. 73, 83.

*Writ of certiorari to issue.*