## IN RE PETITION OF MAYOR AND ALDERMEN OF NORTHAMPTON.

Hampshire.    January 19, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Grade Crossing — Statute — Constitutional Law.*

A petition was brought by the mayor and aldermen of the city of N., under the St. of 1890, c. 428, for the abolition of certain grade crossings in that city. Commissioners were appointed ; and, after the finding of their report and a motion to confirm the same, and before the court had made any final decree, the St. of 1892, c. 311, was passed, which provided that no change shall be made in the grade of the public ways in N. where the same are now crossed by one or more railroads at grade, without the consent of the city council expressed by vote duly recorded, and that before a final decree a copy of such vote certified by the city clerk shall be filed in the case. No vote was passed by the city council and no certificate filed in the case. The judge ruled, in a hearing on the petition, that the St. of 1892, c. 311, was not within the power of the Legislature, and void; that the consent of the city council was not necessary to a final decree in the case, and made a final decree confirming the report thereon. *Held*, that the proceeding could not be considered as a suit for the determination of private vested rights, of which the parties could not be deprived except by a taking for a public use and the payment of reasonable compensation ; that it was merely a quasi judicial proceeding for enforcing the laws regulating a subject within the control of the Legislature and that the statute was valid. KNOWLTON, LATHROP, and BARKER, JJ. dissenting, on the ground that the statute should be construed only as a direction to the court in regard to the decree to be entered in a particular case pending at the time of its enactment, and not as an amendment of the general law in regard to grade crossings, establishing for all time and in all proceedings a different rule for the change of the crossings mentioned in the petition from that applicable to other crossings in the city and in the State; and that, as so construed, it was unconstitutional.

PETITION of the mayor and aldermen of the city of Northampton, under the St. of 1890, c. 428, for the abolition of certain grade crossings in that city.

At the trial in the Superior Court, before *Aldrich*, J., it appeared that commissioners were duly appointed, and after the filing of their report and a motion to confirm the same, and before the court or any justice thereof had made a final decree in the case, the St. of 1892, c. 311, was passed, which statute is as follows :

" Section 1.    In the proceedings now pending in the Superior Court for the abolition of certain grade crossings in the city of Northampton, no change shall be made in the grade of the public

ways in said city where the same are now crossed by one or more railroads at grade, without the consent of the city council of said city expressed by vote thereof duly recorded.

" Section 2. Before the court or any justice thereof shall make a final decree in said case a copy of such vote certified by the city clerk shall be filed in said case.

" Section 3. This act shall take effect upon its passage."

No vote required by the first section has been passed by the city council, and no certificate required by the second section filed in the case.

The judge ruled that the St. of 1892, c. 311, was not within the power of the Legislature, and void; that the consent of the city council was not necessary to a final decree in the case, and made a final decree confirming the report as to certain streets, and rejecting it as to one street, and reported the case for the determination of this court.

The case was argued at the bar in January, 1893, and afterwards was submitted on the briefs to all the judges.

*T. G. Spaulding,* (*R. W. Irwin* with him,) for the petitioners.
*W. G. Bassett & G. D. Robinson,* for the respondents.

FIELD, C. J. None of the parties to this proceeding contend that any one of the provisions of St. 1890, c. 428, as amended by St. 1891, cc. 33, 123, 262, and St. 1892, c. 312, is unconstitutional. The petitioners, however, contend that St. 1892, c. 311, is unconstitutional, and the justice of the Superior Court so held; if this ruling is erroneous, the decree is to be set aside. It is not denied that the subject of the crossing of highways and town ways by railroads is one which the Legislature may regulate from time to time, either by general or special laws. The Legislature may itself prescribe the manner in which a railroad shall cross a highway in a particular case, or may delegate to a board of public officers, or to commissioners appointed by a court, the power to prescribe the manner in which the general or special provisions of law on the subject may be carried into effect. Any alleged errors of law in the proceedings of such boards are usually reviewed by this court on certiorari; but errors of law in the proceedings of such commissioners usually come before the court which appoints them, on some motion to confirm, or reject, or recommit the report, and thence by appeal, exceptions, or report to this court. The Legislature itself can also apportion the ex-

penses incurred in making the required changes in the grade of such crossings, or can confer upon such boards or commissioners the power to apportion the expenses in accordance .with such rules as it may prescribe.   This has been held to be within the authority granted by the Constitution to the General Court to make " all manner of wholesome and reasonable orders, laws, statutes, and ordinances," and to be an exercise of what is called the police power of the Commonwealth for the protection and safety of the public.   Const. Mass. pt. 2, c. 1, art. iv. No municipality has any vested right to have such crossings maintained in any particular manner, but they may be changed from time to time, as from the growth of population or other causes the Legislature may think the public interests require. A railroad corporation also, especially when its charter is subject to alteration, amendment, or repeal at the pleasure of the Legislature, must make such changes in the grade of its road and the construction of its track as the Legislature from time to time may require.   Neither is it necessary. that the laws on the subject be uniform throughout the Commonwealth.   From the very nature of the subject, the regulations which reasonably may be required must vary with the circumstances, and the Legislature may well adopt different rules for different cross- ·ings; it may make special provisions for some crossings, and general provisions for others, or leave the matter to the discretion of the board of commissioners upon whom it may confer the power of deciding.   See *Boston & Lowell Railroad* v. *Winchester*, 156 Mass. 217; *Cambridge* v. *Railroad Commissioners*, 153 Mass. 161; *Kingman, petitioner*, 153 Mass. 566; *Spaulding* v. *Nourse*, 143 Mass. 490; *New York & New England Railroad* v. *Boston*, 127 Mass. 229; *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561; *Boston & Albany Railroad* v. *County Commissioners*, 116 Mass. 73; *Brewer* v. *Boston, Clinton, & Fitchburg Railroad,* 113 Mass. 52; *Mayor & Aldermen of Worcester* v. *Railroad Commissioners*, 113 Mass. 161; *Mayor & Aldermen of Worcester* v. *Norwich & Worcester Railroad,* 109 Mass. 103; *Commonwealth* v. *Eastern Railroad,* 103 Mass. 254; *Hingham & Quincy Bridge* v. *Norfolk,* 6 Allen, 353; *Fitchburg Railroad* v. *Grand Junction Railroad,* 4 Allen, 198; *Roxbury* v. *Boston & Providence Railroad,* 6 Cush. 424; *Cambridge* v. *Charlestown Branch Railroad,* 7 Met. 70; *Norwich* v. *County Com-*

*missioners*, 13 Pick. 60 ; Pub. Sts. c. 112, §§ 119–138 ; Gen. Sts. c. 63, §§ 46–63 ; Rev. Sts. c. 39, §§ 66–70 ; St. 1885, c. 194 ; St. 1874, c. 372, §§ 90–95 ; St. 1872, c. 262 ; St. 1846, c. 271 ; St. 1842, c. 22.

If, then, St. 1890, c. 428, had made special provisions for the railroad crossings at grade in the city of Northampton, and had required the consent of the city council of that city before the grade of the public ways in the city, where they are crossed at grade by one or more railroads, should be changed under the provisions of that chapter, there would seem to be no valid objection to such legislation. If St. 1892, c. 311, can be construed to be an amendment of St. 1890, c. 428, and to provide that the grade of the public ways in the city of Northampton, described in the petition, where they are crossed by railroads at grade, should not be changed without the consent of the city council, it would, we think, be open to no valid objection, and the fact that it was made to apply to a case then pending under the original statute would not render the act void. At any time before a final decree is rendered in this cause, the Legislature can repeal the statutes under which it proceeds, and thus prevent any decree from being rendered in it. As the whole subject of the crossing of highways by railroads can from time to time be regulated by the Legislature, the Legislature can, even after a final decree has been rendered, make other provisions, and require the crossings to be constructed in a manner different from that established by the decree. The Legislature can amend the statutes under which this proceeding has been commenced, and if the amended act is made applicable to the pending proceeding and is valid, the court in rendering a final decree must proceed in accordance with the statutes as amended. *State* v. *Wheeling & Belmont Bridge Co.* 18 How. 421. *Davis* v. *Sawyer*, 133 Mass. 289. *Sawyer* v. *Davis*, 136 Mass. 239. *New London Northern Railroad* v. *Boston & Albany Railroad*, 102 Mass. 386.

It results from this view that the present proceeding cannot be considered as a suit for the determination of private vested rights, of which the parties cannot be deprived except by a taking for a public use and the payment of reasonable compensation. It is merely a quasi judicial proceeding for enforcing the laws of the Commonwealth regulating a subject which is within the control of the Legislature. As was said in *New London Northern*

*Railroad* v. *Boston & Albany Railroad*, 102 Mass. 386, 387, in a somewhat similar case, the powers and duties of the court " belong to that class not strictly judicial, but partaking both of the judicial and the executive character, like those of laying out highways and assessing damages therefor, superintending the administration and distribution of the estates of insolvent debtors, and many others which might be named, the exercise and control of which may be vested by the Legislature at its discretion, unless restrained by specific constitutional provisions, either in judges appointed by the Governor and holding during good behavior, or in commissioners or other officers appointed or elected in such manner and holding for such terms as the Legislature may prescribe."

It is argued by the counsel for the respondents, that St. 1892, c. 311, cannot be considered as enacting that the grade of the public ways at the crossings which are described in the petition shall not be changed without the consent of the city council of the city of Northampton, but that the statute is merely an arbitrary direction by the Legislature to the courts not to render a decree in the pending proceeding according to the law applicable to the case without the consent of the city council of Northampton. The respondents contend that, if for any reason the present petition should be dismissed and another similar petition brought, this statute would not apply to the new proceeding; and that the Superior Court must proceed with the new petition according to St. 1890, c. 428, as amended by other statutes, and not by this, and might enter a decree therein without the consent of the city council. Such a construction undoubtedly finds some support in the form of the statute, but in the opinion of a majority of the court this is not the true construction. It probably never occurred to the Legislature in passing this statute, that other proceedings could be had before the Superior Court with respect to the grade crossings described in the petition. For reasons unknown to us, and upon the sufficiency of which, if we knew them, we could judicially have no opinion, the Legislature determined that in the city of Northampton the grade crossings described in the petition should not be altered in the pending proceeding so as to change the grade of the public ways without the consent of the city council. A slight change in the phraseology would have made it plain that the act was

intended as an amendment of the preceding statutes, so far as the grade crossings described are concerned. If the first section had begun with the words, "In the city of Northampton," etc., and had proceeded as it now reads, and the words, "This act shall apply to any case now pending," had been added, we could have no doubt that it would have effected a change in the law concerning all the grade crossings in the city of Northampton, and that it would be the duty of the Superior Court and of this court in the pending proceeding to administer the law applicable to the subject matter as it existed when the decree was to be made. The statute as enacted does not relate to all the grade crossings in the city, but only to such as are described in the pending proceeding; but the scope of the statute is made certain by the reference. We are unwilling to construe the peculiar phraseology of the statute as intended by the Legislature to direct the courts to proceed in the pending case in any other manner than according to the law applicable to the subject matter of the petition as understood by the courts. If a statute reasonably can be so construed as to be within the constitutional power of the Legislature, it should receive this construction. A majority of the court think that there is no insuperable difficulty in giving such a construction to this statute as will avoid the constitutional objection which has been made to it, and are of opinion that the statute was intended to change the law applicable to the grade crossings described in it, and that as such it is valid. The result is that the decree is to be set aside. The other questions in the case may never arise, or, if they do, may come before us in a different form, and we do not now consider them.

*Decree set aside.*

Justices KNOWLTON, LATHROP, and BARKER dissent, on the ground that the St. of 1892, c. 311, should be construed only as a direction to the court in regard to the decree to be entered in a particular case pending at the time of its enactment, and not as an amendment of the general law in regard to grade crossings, establishing for all time and in all proceedings a different rule for the change of the crossings mentioned in the petition from that applicable to other crossings in the city and in the State. So construed, they are of opinion that the statute is unconstitutional.