STATE, EX REL. F. W. MATTOON, V. THE REPUBLICAN
VALLEY RAILROAD COMPANY.

Railroads: DUTY TO MAINTAIN STATIONS. Under the provisions.
of the constitution and statutes relating to railroads, where a
railroad is built through a town of fifteen hundred or more in-
habitants, and it is *necessary* to have a station at that place, the
corporation may be compelled to erect the same with the nec-
essary side tracks, notwithstanding it has a station at the junc-
tion of that and another line one and one-half miles distant.

REHEARING of case reported 17 Neb., 647.

*Burke & Prout*, for relator.

*Marquett & Deweese*, for respondent.

MAXWELL, J.

An opinion was filed in this case in July, 1885, which
is reported in 17 Nebraska, 647. A motion for a rehear-
ing was filed on behalf of the defendant, and was sustained,
and the case has since been reargued and again submitted.
The facts are stated in the former opinion and need not be
repeated here. It is claimed on behalf of the corporation
that section 72 of the act providing for the incorporation of
railroads authorizes the corporation to determine its own
termini, and necessarily where its track shall be laid be-
tween the points named. Probably the construction of that
section contended for, within reasonable limits, is correct,
but the question is not involved in this case, as the com-
pany has actually laid its track through the city of Blue
Springs. No question therefore arises under section 72.

In the defendant's brief it is said that, "the rights and
powers given by the laws of Nebraska, commencing at sec-
tion 72 on page 195 of the Compiled Statutes, under what
is known as our charter, with all the rights and privileges.

conferred by that general law, and those which may be fairly implied, as well as those which are expressly given, became a contract with the state and the respondent railroad company."

" We admit that the legislature under our constitution has a right to modify this contract in some respects, but it cannot go so far as to interfere with vested rights."

No one will seriously contend that the legislature or the courts can interfere with vested rights. But has a railroad company any vested rights under our constitution and statute to refuse to make a station and the necessary side tracks and buildings at a point on the line of its road between the places of the termini where it *is necessary* that there should be such a station? In order to determine this question it will be necessary to refer to a few of the sections of the constitution and the statute.

Section 1, Art. XI. of the constitution requires every railroad corporation doing business in the state to maintain a public office for the transaction of its business, where transfers of stock shall be made, etc., and requires those having control of the road to make an annual report, etc.

Section 2 provides that the rolling stock and movable property shall be liable to sale on execution.

Section 3 prohibits the consolidation of parallel lines, etc.

Section 4 declares railways to be public highways, and " free to all persons for the transportation of their persons and property thereon, under such regulations as may be prescribed by law," etc.

Section 5 prohibits the watering of stock, and requires sixty days' notice of a proposed increase of stock.

Section 6 authorizes the taking by the legislature of the property and franchises of incorporated companies, when necessary.

Section 7 requires the legislature to " pass laws to correct

33

abuses, and prevent unjust discrimination and extortion in all charges of express, telegraph, and railroad companies in this state," etc.

Section 7 limits the exercise of the right of eminent domain to corporations organized under the laws of this state. Other duties are imposed on the legislature in regard to the control and supervision of railroads, to which it is unnecessary to refer.

The several sections of the statute referred to in the defendant's brief must be construed subject to the above provisions of the constitution.

Section 72 of the general railway act provides that "any number of natural persons, not less than five, may become a body corporate, with all the rights, privileges, and powers conferred by, and subject to all the restrictions of this subdivision." Comp. Stat., Chap. 16.

Section 73 provides what the certificate shall contain and its form, and where to be filed.

Section 74 confers corporate power on the corporation "to do all needful acts to carry into effect the objects for which it was created," etc.

Section 75 provides that "such corporation shall be authorized and empowered to lay out, locate, construct, furnish, maintain, operate, and enjoy a railroad, with single or double tracks, with such side tracks, turn-outs, offices, and depots as *shall be necessary*, between the places of the termini of said road, commencing at or within, and extending to or into any town, city, or village named as the termini of said road, and construct branches from the main line to other towns or places within the limits of this state."

The above section is the one under which the defendant claims it has a vested right to locate stations at such points as it pleases. In view of our constitution it is unnecessary to discuss in this connection the public character of railroad corporations. That is very fully considered in the able and well-considered opinion heretofore filed in this

case by Judge COBB.   By the terms of the statute the corporation is required to construct such side tracks, turn-outs, offices, and depots as shall be necessary.

In case of a contention between the public to be benefited by a station and the company in regard to the necessity of a station at any given point, the question becomes one of fact, to be ultimately determined from the evidence by an impartial arbiter—a court—although the legislature may provide the necessary rules and procedure for the determination of the matter.   Being, therefore, a question of fact to be determined from the evidence, the court has jurisdiction in the premises and may inquire into the necessity for a station at the point indicated.   That such necessity exists in this case, is fully shown by the evidence referred to in the former opinion.   The railroad is built directly through the town—the property of its citizens taken for right of way, but no station at that point.   It is said, however, that there is a station on the main line running east and west at Wymore, a town about one and a half miles away, and which has been built up since the construction of the road through Blue Springs.   But that does not accommodate the people of the place last named and those that do business there.   Suppose a railroad should run through the city of Omaha or Lincoln, and refuse to establish a station in the city, but did establish one a mile and a half beyond— would the court not have power to require the corporation to put in a station in either of these places upon it appearing that it was necessary to do so?   That a station within the city would be necessary in such cases will be conceded; yet such a case differs only in degree from the one at bar. Here is a city of the second class, with fifteen hundred inhabitants, the center to a considerable extent of grain and stock shipments and of trade.   Its business is not accommodated by the facilities of a rival town some distance away.   We hold, therefore, that where a railroad is built through a town, particularly if of the size of Blue Springs,

the railroad company must establish a station at that point whenever there is a necessity for the same.    We adhere to our former decision, granting the writ.

JUDGMENT ACCORDINGLY.

THE other judges concur.