CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. STATE OF NEBRASKA, EX REL. STATE BOARD OF TRANSPORTATION.

FILED JANUARY 19, 1897. No. 6795.

Railroad Companies: RIGHT OF WAY: ELEVATORS: BOARD OF TRANSPORTATION: CONSTITUTIONAL LAW. An order of the state board of transportation under the provisions of the act of March 31, 1887, entitled "An act to regulate railroads and prevent unjust discrimination," etc., which requires a railroad company to surrender a portion of its right of way for an elevator site to a person or corporation engaged in the buying and shipping of grain, contemplates the taking of property for mere private use within the prohibition of the United States constitution, and is accordingly without authority and void. (*Missouri P. R. Co. v. State,* 17 Sup. Ct. Rep., 130, reversing same case, 29 Neb., 550.)

ERROR from the district court of Custer county. Tried below before HARRISON, J. *Reversed.*

*J. W. Deweese* and *J. S. Kirkpatrick,* for plaintiff in error.

*Sullivan & Gutterson* and *J. R. Dean, contra.*

Norval, J.

On the 9th day of February, 1893, the state board of transportation, on the complaint of one Byram Blair, made and entered of record an order requiring the plaintiff in error, hereafter called the railroad company, to furnish him, the said Blair, the site for the erection of a grain elevator upon its right of way and sidetracks in the city of Broken Bow. On the 5th day of July, 1893, said board instituted this proceeding in the district court of Custer county for the purpose of enforcing the order aforesaid by means of a writ of *mandamus* against the respondent railroad company. A trial was had in the district court upon issues joined, which resulted in a finding and judgment in accordance with the prayer of the relator, and which has, by means of the petition in error of the railroad company, been removed into this court for review.

Several questions are presented by the record, although the one necessarily decisive of the controversy is whether railroad companies doing business as common carriers within this state are, by virtue of the act of March 13, 1887, entitled "An act to regulate railroads and prevent unjust discrimination," etc. (Session Laws, 1887, p. 541, ch. 60), required to furnish elevator sites upon their rights of way for persons and corporations engaged in the business of buying and shipping grain. That question was in *State v. Missouri P. R. Co.*, 29 Neb., 550, after a careful consideration of the subject, resolved in the affirmative. But a petition in error prosecuted by the respondent therein to the supreme court of the United States resulted in the reversal of the judgment of this court. (See *Missouri P. R. Co. v. State*, 17 Sup. Ct. Rep., 130.) The court, in the decision last cited, speaking by Mr. Justice Gray, declared that the order of the board of transportation, similar in effect to the one here relied upon, contemplated the taking of the property of the respondent without its consent, for a mere private use, and

was accordingly violative of article 14, amendment to the constitution of the United States. To that decision of the court of last resort in all cases of alleged repugnance of the laws of any state to the constitution of the United States, it is our duty to yield obedience. It follows that the judgment complained of, which is based upon the decision of this court in the case above cited, must be reversed and the cause dismissed.

REVERSED.

HARRISON, J., not sitting.