[No. 8239. Department One. May 18, 1910.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v. RAILROAD COMMISSION OF WASHINGTON, *Respondent*.[1]

CONSTITUTIONAL LAW—DUE PROCESS—RAILROADS—REGULATION—REQUIRING SPUR TRACKS. An order of the railroad commission compelling a railroad company to construct and operate a spur track from its main line to a private sawmill, without compensation, is a taking of private property without due process of law, in contravention of the fourteenth amendment to the Federal constitution.

FULLERTON, J., dissenting.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 18, 1909, sustaining an order of the railroad commission requiring the construction and operation of a spur track to facilitate the shipment of timber products. Reversed.

*B. S. Grosscup* (*Geo. T. Reid*, of counsel), for appellant.

[1] Reported in 108 Pac. 938.

*The Attorney General,* and *W. V. Tanner, Assistant,* for respondent, contended that those who devote their property to the uses of a common carrier do so subject to governmental regulation under the police power, which is not controlled by limitations upon the right of eminent domain. 22 Am. & Eng. Ency. Law (2d ed.), 916; Sedgwick, St. and Const. Law, 434-437; *Atlantic Coast Line R. Co. v. North Carolina Corporation Commission,* 206 U. S. 1, 19; *Mugler v. Kansas,* 123 U. S. 623, 668; *Escanaba Co. v. Chicago,* 107 U. S. 678, 683; *Lake Shore & Michigan S. R. Co. v. Ohio,* 173 U. S. 285, 300; *Louisville & N. R. Co. v. Kentucky,* 161 U. S. 677, 701. The order of a railroad commission compelling the installation of spur tracks is not a taking of private property without due process of law. *Corporation Commissioners v. Seaboard Air Line R. Co.,* 140 N. C. 239, 52 S. E. 941; *State v. Missouri Pac. R. Co.,* 81 Neb. 15, 115 N. W. 614; *State ex rel. Farmers' Elevator Co. v. Missouri Pac. R. Co.,* 81 Neb. 174, 115 N. W. 757; *State ex rel. Mt. Hope Coal etc. Co. v. White Oak R. Co.,* 65 W. Va. 15, 64 S. E. 630; *Wisconsin M. & P. R. Co. v. Jacobson,* 179 U. S. 287; *Harp v. Choctaw etc. R. Co.,* 118 Fed. 169. The denial of an industrial spur to one shipper and the installation of such spurs for others constitutes unjust discrimination. Rem. & Bal. Code, § 8641; *Corporation Commission v. Railroad, State ex rel. Farmers' Elevator Co. v. Missouri Pac. R. Co.,* and *State ex rel. Mt. Hope Coal Co. v. White Oak R. Co., supra; Interstate Stock-Yards Co. v. Indianapolis U. R. Co.,* 99 Fed. 472; *Farwell Farmers' Warehouse Ass'n v. Minneapolis, St. P. etc. R. Co.,* 55 Minn. 8, 56 N. W. 248; *State v. Chicago, M. & St. P. R. Co.,* 36 Minn. 402, 31 N. W. 365; *Agee & Co. v. Louisville & N. R. Co.,* 142 Ala. 344, 37 South. 680; *Louisville & N. R. Co. v. Pittsburg & K. Coal Co.,* 23 Ky. Law 1318, 64 S. W. 969; *Chicago & A. R. Co. v. Suffern,* 129 Ill. 274, 21 N. E. 824; *Northwestern Warehouse Co. v. Oregon R. & Nav. Co.,* 32 Wash. 218, 73 Pac. 388. The order of the railroad commis-

sion is not arbitrary or unreasonable. *Northern Pac. R. Co. v. Railroad Commission*, 57 Wash. 134, 106 Pac. 611; *Interstate Commerce Commission v. Louisville & N. R. Co.*, 118 Fed. 613; *Steenerson v. Great Northern R. Co.*, 69 Minn. 353, 72 N. W. 713; *Morgan's etc. R. Co. v. Railroad Commission*, 109 La. 247, 33 South. 214; *Minneapolis, St. Paul etc. R. Co. v. Railroad Commission*, 136 Wis. 146, 116 N. W. 905.

Gose, J.—This appeal is prosecuted from a judgment of the superior court of Pierce county, affirming an order of the railroad commission requiring the appellant to construct and operate a spur track from its main line road to the sawmill of one H. A. Burnham. The appellant owns and operates a line of railroad extending from Tacoma easterly and southeasterly through the state, and southerly through Rainier and McIntosh to the Columbia river. Rainier and McIntosh are stations about four miles apart. Mr. Burnham owns and operates a sawmill about midway between the stations and about three hundred feet from the appellant's main line track. He manufactures about six carloads per week of lumber and other sawed timbers, for shipment over appellant's lines of road, and hauls it by means of wagons and teams to Rainier, a distance of about two and a half miles by wagon road, at an expense of about $40 a carload for hauling and loading. With a spur track to his mill he could put his products aboard the car for about five dollars per carload. He has demanded of the appellant that it furnish him with a spur track to the mill, has offered to furnish a right of way for the track, grade the track, and furnish and lay the ties under the direction of the appellant; but it has refused to comply with his demand.

Upon a complaint alleging these facts, and also alleging that a spur track can be constructed at small expense to the appellant, extending from the main line of its road to the mill, without endangering or rendering difficult the opera-

tion of trains, the case was heard before the railroad commission. The commission found the facts stated, and that a necessity exists for the spur track. Thereafter it entered an order requiring Burnham to construct the grade and furnish proper and necessary ties, and requiring appellant to furnish and lay the rails, construct the spur track, provide proper connections with its main line, and furnish Burnham with cars and facilities for loading his lumber at his mill for shipment over the appellant's lines. The order makes no provision for a right of way, and the evidence does not disclose who owns the land over which the spur track is to be constructed. A compliance with the order would require switching to the extent of about a mile, and would consume from a quarter to a half hour every time a car was taken to or from the mill.

The appellant contends that the order is a taking of its property without due process of law, and that it contravenes the fourteenth article of amendment to the Federal constitution. We think this view must prevail. The sawmill is a private industry, and the effect of the order is to take the private property of the appellant and devote it to the private use of Burnham. *Healy Lumber Co. v. Morris*, 33 Wash. 490, 74 Pac. 681, 99 Am. St. 964, 63 L. R. A. 820. A railroad is a public highway and, as such, is subject to regulation, but the regulation must be promotive of the public interest. Notwithstanding the fact that it is a public highway its property is private. In *Missouri Pac. R. Co. v. Humes*, 115 U. S. 512, speaking of the fourteenth amendment, it is said:

"It would be difficult and perhaps impossible to give to those words a definition, at once accurate, and broad enough to cover every case. The difficulty, and perhaps impossibility, was referred to by Mr. Justice Miller, in *Davidson v. New Orleans*, 96 U. S. 97, where the opinion was expressed that it is wiser to ascertain their intent and application by the 'gradual process of judicial inclusion and exclusion, as the

cases presented for decision shall require, with the reasoning on which such decisions may be founded.' "

It is true that railroad companies may be required to fence their tracks, establish proper crossings at points of intersection with public roads, patrol their tracks at thickly populated points, establish depots and stations, provide suitable connection with intersecting lines, adopt suitable safety appliances for the coupling of cars, properly light and heat their cars and depots, and many other things which touch the public business. The sawmill of Mr. Burnham, while an important industry, is no more a public business than a flouring mill, a dairy, a farm, a livery barn, or a manufacturing plant of any other character or description.

The case at bar falls squarely within the principle announced and applied in *Missouri Pac. R. Co. v. Nebraska*, 164 U. S. 403. In that case the supreme court of the state of Nebraska had awarded a writ of mandamus to compel the railway company to comply with an order of the state board of transportation, which directed the company to grant to certain private persons the right and privilege of erecting an elevator upon the grounds of the railway company at one of its stations. The complaint upon which the order was based recited that the elevator would be used to store the cereal products of the farms and leaseholds of the complainants as well as the products of other neighboring farms. Upon a writ of error to review the judgment, the court said:

"The order in question, so far as it required the railroad corporation to surrender a part of its land to the petitioners, for the purpose of building and maintaining their elevator upon it, was, in essence and effect, a taking of private property of the railroad corporation, for the private use of the petitioners. The taking by a state of the private property of one person or corporation, without the owner's consent, for the private use of another, is not due process of law, and is in violation of the Fourteenth article of Amendment of the Constitution of the United States."

In *Northwestern Warehouse Co. v. Oregon R. & Nav. Co.*,

32 Wash. 218, 73 Pac. 388, a mandamus proceeding to re-
quire the railroad company to extend its track two hundred
and fifty feet to a grain warehouse, to afford it loading
facilities, this court said:

"Under any view of the requirements of the statute, it
certainly cannot be contended that appellant could have
been required to build a track over land it did not own, or that
it was under the duty to go out and buy a right of way for
that purpose, . . ."

In that case the record shows that a deed to the right of
way for the extension of the track was tendered the railroad
company at the time of the trial. In *Harp v. Choctaw O. &
G. R. Co.*, 118 Fed. 169, the railroad company had for a
time permitted the owners of coal mines to load their coal
from wagons onto the cars on its commercial switches. It
was insisted that, if this method were discontinued, it was
the duty of the company to put in a spur track for the
benefit of the mine owner. In considering that question the
court said:

"It must be remembered that the plaintiff in this case was
not engaged in any public business, but was simply a pri-
vate citizen operating the coal mine on his own account."

In *Missouri Pac. R. Co. v. Nebraska*, 217 U. S. 196,
decided by the United States supreme court since the case at
bar was argued, a statute providing that:

"Every railroad company or corporation operating a rail-
road in the state of Nebraska shall afford equal facilities to
all persons or associations who desire to erect or operate,
or who are engaged in operating grain elevators, or in
handling or shipping grain at or contiguous to any station
of its road, and where an application has been made in writ-
ing for a location or site for the building or construction
of an elevator or elevators on the railroad right of way, and
the same not having been granted within a limit of sixty
days, the said railroad company to whom application has
been made shall erect, equip and maintain a side track or
switch of suitable length to approach as near as four feet
of the outer edge of their right of way when necessary, and

in all cases to approach as near as necessary to approach an elevator that may be erected by the applicant or applicants, adjacent to their right of way, for the purpose of loading grain into cars from said elevator, and for handling and shipping grain to all persons or associations so erecting or operating such elevators, or handling and shipping grain, without favoritism or discrimination in any respect whatever. Provided, however, that any elevator hereafter constructed, in order to receive the benefits of this act, must have a capacity of not less than fifteen thousand bushels;"

and making railroads liable for a fine for failing to obey the command of this statute was held unconstitutional. The case arose out of two suits based upon the statute. The first was brought by the state of Nebraska to recover a fine of $500. The second was brought on the relation of the interested party, to compel the extension of a side track and the granting of shipping facilities, the railroad company having refused an application for a site for an elevator on its right of way. *State v. Missouri Pac. R. Co.*, 81 Neb. 15, 115 N. W. 614, and *State ex rel. Farmers' Elevator Co. v. Missouri Pac. R. Co.*, 81 Neb. 174, 115 N. W. 757, were reversed, the court saying:

"We are of the opinion that this statute is unconstitutional in its application to the present cases, because it does not provide indemnity for what it requires."

The same principle is announced in *Chicago B. & Q. R. Co. v. State ex rel. State Board of Transportation*, 50 Neb. 399, 69 N. W. 955, and *State v. Chicago M. & St. P. R. Co.*, 36 Minn. 402, 31 N. W. 365.

However desirable it may be for Mr. Burnham and others engaged in a like business to have switches and sidings extended to their mills, the fourteenth amendment to the Federal constitution, as construed by the highest Federal court and by this court as well, presents an insuperable barrier against compelling such accommodations.

The contention of the attorney general that the order is promotive of the public convenience, and within the recognized police power of the state, cannot be upheld. We are

persuaded, upon both principle and authority, that the Burnham mill is a private business, and that an order requiring the railroad company to extend a switch or spur track beyond its right of way to afford him better and cheaper shipping facilities is, in substance and effect, requiring the company to devote its property to the private use of another, and is within the protective clause of the Federal constitution.

The judgment is reversed, with directions to dismiss the petition.

RUDKIN, C. J., CHADWICK, and MORRIS, JJ., concur.

FULLERTON, J. (dissenting)—Since the supreme court of the United States holds that a railroad company cannot be compelled without compensation to afford facilities to a private shipper other than it offers at its general public stations, I am constrained to concur in the judgment the majority have directed to be entered in this case. I cannot concur, however, in all that is said in the opinion. I cannot concur in the view that to compel a railway company to stop at points other than its public stations and take on for carriage the property of a private shipper is taking its property for the private use of another in violation of the due process of law clauses in the state and Federal constitutions. As I understand it, the principal purpose for which a railroad is constructed is to carry from one point to another the private property of the individual; that it is for this purpose it has its existence and is given the vast powers and rights it possesses. This function then the state may compel it to fulfill. If, therefore, its public stations do not afford an adequate facility for the shipment of the property of a particular individual, I know of no legal reason why the company cannot be compelled, on due compensation, to furnish that particular individual with additional facilities, even to the extent of putting in an additional side track for him. For this reason I dissent from the holding that to do so is to take private property for a private use.