ALDERMEN OF FITCHBURG *vs.* BOSTON AND MAINE RAILROAD
& others.

Worcester.   October 4, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Way,* Alteration. *Street Railway.*

Under St. 1906, c. 463, Part I, §§ 23, 25, relating to alterations in the crossings of public ways with railroads which do not involve the abolition of a crossing at grade, a street railway company which has tracks in a way is a party interested in an alteration of a railroad crossing on or over the way, and is liable to pay its proper part of the expenses of the alteration, whether or not it is authorized to lay and use tracks upon any bridge in the highway.

PETITION, in the Superior Court for the county of Worcester, under St. 1906, c. 463, Part I, §§ 23–28, against the Boston and Maine Railroad, the Fitchburg Railroad Company, the Vermont and Massachusetts Railroad Company, the Fitchburg and Leominster Street Railway Company, the board of county commissioners for the county of Worcester, and certain towns alleged to be specially benefited, to appoint a commission to determine which party should do the work of making an alteration in the crossing of River Street, a public highway in the city of Fitchburg, by the tracks of the Boston and Maine Railroad held and used by it as lessee of the Fitchburg Railroad Company, the railroad tracks crossing above River Street upon a bridge and the street railway company maintaining its tracks and operating

its cars upon the highway below, the board of county commissioners having made a decree setting forth the manner in which the changes should be made upon a petition filed by the petitioners on April 3, 1908.

The order of the county commissioners required that one of the abutments of the railroad bridge should be moved back so that its face should be on the street line, that the distance between the centre lines of outside girders should not exceed thirty-three feet and four inches, and that the grade of the railroad tracks should not be changed, and proceeded as follows: " Should the placing of the new bridge bring the level of the lowest portion thereof below the lowest portion of the existing bridge, then the grade of the street shall be lowered so that the clearance between the lowest part of the bridge and the street grade shall not be less than at present. And it is furthered ordered that the tracks of the Fitchburg and Leominster Street Railway Company shall be moved easterly to a location so that the centre line of the double track location shall conform to the centre line of the highway between the two abutments, said tracks in the new location to be properly connected with the existing tracks at either end."

The Fitchburg and Leominster Street Railway Company filed a plea in abatement and a demurrer, as described in the opinion. The second ground for demurrer was stated as follows : " That it appears from said amended petition that this respondent is a street railway company ; that, under the provisions of St. 1906, c. 463, Part I, §§ 23–28 inclusive, under which said petition is alleged to have been brought, a street railway company is subject to the provisions of said statute only in case it is authorized to lay and use tracks upon a bridge in a highway, which is built or repaired or altered as provided in said statute, or the approaches to which are altered or improved as therein provided ; and it does not appear from said amended petition that this respondent is authorized to lay and use tracks upon any such bridge."

The case was heard upon the demurrer and the plea in abatement by *Richardson,* J., who made the orders stated in the opinion, and reported the questions of law for determination by this court.

*J. F. McGrath*, for the petitioners.

*G. S. Selfridge*, for the Boston and Maine Railroad.

*E. W. Baker*, for the Fitchburg and Leominster Street Railway Company.

*R. G. Dodge & W. J. Taft*, for the county of Worcester, submitted a brief.

KNOWLTON, C. J. This is a petition for the appointment of a special commission under the St. 1906, c. 463, Part I, §§ 25, 26, to determine which party shall do the work of making an alteration in the crossing of the railroad of the respondent railroad corporations by a public highway and the approaches thereto, and in the bridge at the said crossing, and to apportion the cost thereof. The Fitchburg and Leominster Street Railway Company and certain towns alleged to be specially benefited by the alteration are joined with the railroad companies as respondents. The petitioners aver that the street railway company has tracks on River Street, which is the public highway on which the change was ordered. They also aver that a petition praying for an alteration of the crossing was filed with the county commissioners, and that, after due notice and a hearing, a decree was entered granting the petition, and setting forth the manner in which the changes should be made. To the petition now before us a plea in abatement and also a demurrer was filed by the street railway company, setting up a misjoinder of this company because it is not authorized to lay and use tracks upon any bridge in the highway. The averment of the petitioners is that the public way runs under the railroad. After the filing of this plea and the demurrer, a decree was entered appointing a commission in accordance with the prayer of the petition. Still later a hearing was had upon the plea in abatement and the demurrer, and the plea was overruled and the demurrer was sustained. The questions of law arising at this hearing were reported to this court, to be determined here before further proceedings are taken in the case.

There seems to have been an irregularity in appointing a commission before the hearing upon the plea in abatement and the demurrer, but, in the view that we take of the case, this is now immaterial. No question of pleading or of procedure is raised by either party, except the question of law reported by the judge,

namely, the question whether the street railway company is a proper party to this proceeding. This depends upon whether it is liable under the statute to pay any part of the expense of the alteration and the cost of the proceedings.

The portions of the statute to be construed are as follows:

"Section 23. If a public way and a railroad cross each other, and the board of aldermen of the city or the selectmen of the town in which the crossing is situated, or the directors of the railroad corporation, or the directors of a street railway company having tracks on the said way are of opinion that it is necessary for the security or convenience of the public that an alteration which does not involve the abolition of a crossing at grade should be made in the crossing, the approaches thereto, the location of the railroad or way, or in a bridge at the crossing, they shall apply to the county commissioners, or, if the crossing is situated in the city of Boston, to the board of railroad commissioners, who shall, after public notice, hear all parties interested, and, if they decide that such alteration is necessary, shall prescribe the manner and limits within which it shall be made, and shall forthwith certify their decision to the parties and to said board. In case any street railway company is authorized to lay and use tracks upon the said way, the said company shall bear such part of the expense of building, repairing or improving a bridge forming a part of said way, or of altering or improving the approaches thereto, as shall be deemed to be just by the commission provided for in sections twenty-five and twenty-six."

"Section 25. A special commission of three disinterested persons, who shall be appointed as provided in the following section, shall determine which party shall carry such decision into effect and which party shall pay the charges and expenses of making such alteration and the future charges for keeping such crossing and the approaches thereto in repair, as well as the costs of the application to the county commissioners, or the board of railroad commissioners, and of the hearing before said special commission; and it may apportion all such charges, expenses and costs between the railroad corporation, the street railway company having tracks on said way, and the counties, cities or towns in which said crossing is situated and other cities and towns which may be specially benefited. If a street railway

company is authorized to lay and use tracks upon any bridge in a highway which is built or repaired or altered as above provided for, or the approaches to which are altered or improved as above provided for, the said commission shall determine what part of the charges and expenses of making such changes or improvements, or of keeping such approaches in good condition, shall be paid by the said street railway company."

By the first of these sections three parties are given the right to apply for an alteration in a crossing, namely, the authorities of the city or town, " the directors of the railroad corporation, or the directors of a street railway company having tracks on the said way." Each of these is treated as a party interested, for whose benefit the proceeding is provided. Under § 25, the commission is to determine which party shall carry such decision into effect, and this must mean which of these three parties. It seems quite plain, under the statute, that in a way on which a street railway company has tracks, a change might be ordered of such a kind that the street railway company properly might be required by the special commission to carry it into effect. As a part of the same sentence, the commission is empowered to determine which party shall pay the charges and expenses of making the alteration and the future charges of keeping the crossing and the approaches thereto in repair, as well as the costs of the proceedings. This too must mean which of the three parties. It includes a power to put a part of the cost upon a street railway company. The language plainly covers a case where there is no bridge because the crossing is at grade, or a case in which the bridge does not form a part of the way because the way passes under the railroad, as well as a case where the tracks of the street railway are upon a bridge passing over the railroad. If we stopped here the meaning would seem plain. But we go on to a more explicit statement, that the commission "may apportion all such charges, expenses and costs between the railroad corporation, the street railway company having tracks on said way, and the counties, cities or towns in which said crossing is situated and other cities and towns which may be specially benefited." This makes the street railway company liable in terms for its proper share of all the expenses, and brings in counties, cities and towns that are specially benefited. The contention of

the petitioners must be sustained unless these plain provisions of the statute are set aside.

The difficulty arises from the language at the end of each of these two sections. · This relates only to the expense of building, altering or repairing a bridge which forms a part of the highway. As to expenses incurred upon such a bridge, a street railway company which is authorized to lay and use tracks upon the way or upon the bridge, although its tracks are not laid, may be made to contribute. It may be that the street railway company is waiting for a change in the bridge, to make a place for its tracks. Such a street railway company would not be included in the provision for payment by street railway companies having tracks on the way. With this construction of these two provisions at the end of the sections, they can be given full effect without conflicting with the other provisions that include all street railways having tracks on the way, and include all costs and expenses of alterations of any kind in a crossing, or the approaches thereto authorized by § 23. A construction that would nullify these very important provisions, in their application to street railways having tracks in the way, should not be given to these final sentences in the respective sections, if a different meaning can reasonably be ascribed to them.

Seemingly because of doubt as to the meaning of these sections, the Legislature passed the St. 1908, c. 542, entitled "An Act further to define the duties of county commissioners in the alteration of crossings." The principal purpose of the act seems to be to make plain that which was doubtful in the former statute. Section 23 was therefore amended by inserting after the general provision, the words, "This proceeding may include any case where there is need of the rebuilding of a highway bridge or any structural change or renewal for the purpose of strengthening or improving it." This makes it plain that the general provision includes the alteration of bridges, or the renewal or rebuilding of bridges, as a part of an alteration in a crossing. So the last sentence in the section is shown to include rebuilding, changing and renewing a bridge as a part of building, repairing or improving a bridge, to the expense of which a street railway company not having tracks upon the way, but authorized to lay and use tracks there, might be obliged to contribute.

Then in the twenty-fifth section the insertion of the words "bridge or" makes it plain that alterations in bridges are included in the alteration of crossings for which a street railway company having tracks on the way may petition, and to the cost of which it may be required to contribute. In the last sentence a street railway company authorized to lay and use tracks on the way, although its tracks are not laid, may also be required to pay a part of the expenses of the alteration of a crossing, as well as of a bridge at a crossing.

So far as the questions involved in this case are concerned, this act of 1908 was merely a legislative declaration of the meaning of the former statute, for the purpose of defining more plainly that which before seemed not quite clear.

This construction of the statute is in accordance with the legislative policy in recent years, which seeks to make parties specially benefited by alterations of crossings share in the expense of the improvement. In this statute of 1908, not only are street railway corporations made parties to the proceedings and liable for contribution to the expenses, but counties, cities and towns specially benefited must pay a part of the cost.

These are sections which do not relate to the abolition of grade crossings. In the sections relative to the abolition of grade crossings (see St. 1906, c. 463, Part I, § 34), street railway corporations having a location in the way are made parties, and are liable to pay a part of the expenses of the changes made. This policy was adopted as to street railways by the St. 1902, c. 440, §§ 1, 2, and in the revision of the general law in 1906 street railway corporations having tracks in the way are required to pay a part of the expense of altering a way which does not involve abolishing a grade crossing, while one having a location in a way, although its tracks are not constructed, must pay a part of the cost of abolishing a grade crossing; and on the other hand, if a crossing is changed under this statute without the abolition of a grade crossing, a street railway company of the latter kind is liable to pay only for expenses upon a bridge and its approaches over which it is authorized to lay tracks. This liability seems to be enlarged by the last amendment in the St. 1908, c. 542, § 2.

Slight differences in details between these provisions do not

affect the general policy of the law, which is that a street railway company, having tracks in a way, is a party interested in an alteration of a railroad crossing on or over the way, and is liable to pay its proper portion of the expenses of the alteration.

*Plea in abatement overruled ; demurrer overruled.*