MAYOR AND ALDERMEN OF TAUNTON, petitioners.

Bristol.   October 24, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Grade Crossing Acts. Old Colony Street Railway. East Taunton Street Railway. Statute, Construction.*

The last sentence of St. 1906, c. 463, Part I. § 29, which is in substance a re-enactment of the corresponding provision in St. 1902, c. 440, § 1, provides as follows: " Upon all petitions hereafter filed, and upon all now pending on which no commission has been appointed, for the abolition, discontinuance or alteration of grade crossings, any street railway company having a location in the part of the public way where the crossing exists, shall be made a party and entitled to be heard as such." Upon a petition of the mayor and aldermen of Taunton for the abolition of certain grade crossings of the railroad of the Old Colony Railroad Company in that city, the Old Colony Street Railway Company was made a respondent. The street railway company appeared specially and filed a motion that the petition be dismissed as against it, on the ground that its predecessor in title, to whose rights it had succeeded, had tracks located on the parts of the public ways where these grade crossings were sought to be abolished before the enactment of St. 1902, c. 440, and that at the time of the enactment of that statute petitions were pending for the abolition of these crossings on

which commissions had been appointed, and that the predecessor in title of the railway company was not made a party to those proceedings. It appeared that these previous petitions were dismissed by the court without prejudice, by agreement of all the parties thereto. *Held,* that the exception in the statute of pending petitions on which commissions had been appointed applied only to cases where the proceedings were pursued to a determination of the rights of the parties, and did not extend to petitions which were dismissed without prejudice by agreement of the parties, leaving their rights to be determined afterwards under the laws applicable to new proceedings, and therefore that the street railway company properly was made a party to such new proceedings and its motion to dismiss the petition as against it should be denied.

The special act St. 1901, c. 205, entitled "An Act relative to the grade crossing of the Old Colony Railroad and the East Taunton Street Railway at Chace's Crossing in the city of Taunton," which allowed the East Taunton Street Railway Company to intervene and become a party to the proceedings upon the consolidated petitions then pending in regard to the abolition of certain grade crossings in Taunton, does not take the crossings referred to out of the operation of the general laws, and therefore the provisions of St. 1902, c. 440, and St. 1906, c. 463, Part I. § 29, are applicable to them.

KNOWLTON, C. J.   This is a petition of the mayor and aldermen of Taunton for the abolition of certain grade crossings of the Old Colony Railroad, filed on December 29, 1909. The Old Colony Street Railway Company was also made a party respondent, and after appearing specially, it filed a motion to dismiss the petition, so far as that corporation was concerned, on the ground that it was not properly joined as a party to the proceedings.* The petition was brought under the St. 1906, c. 463, Part I. § 29, the last sentence of which is as follows: "Upon all petitions hereafter filed, and upon all now pending on which no commission has been appointed, for the abolition, discontinuance or alteration of grade crossings, any street railway company having a location in the part of the public way where the crossing exists, shall be made a party and entitled to be heard as such." This is, in substance, a re-enactment of a part of the St. 1902, c. 440, § 1. This respondent is one of the class of street railway companies referred to in the statute, and comes within its language. The ground of the motion to dismiss is that the predecessors in title of the respondent, to whose rights it has succeeded, had tracks located on the parts of the public ways where these

---

* In the Superior Court *Pierce,* J., made an interlocutory decree denying the motion, and reported the questions raised by the motion for determination by this court.

grade crossings are sought to be abolished, before the enactment of the St. 1902, c. 440, and that, at the time of the enactment, petitions were pending for the abolition of these crossings, on which commissions had been appointed, to which proceedings the respondent's predecessors were not parties, and, under the statutes then existing, could not be made parties. It appears that these petitions were afterwards dismissed by the court without prejudice, by agreement of all the parties thereto, and the present petition was subsequently brought. The contention is that, because the respondent's predecessors in title could not properly be made parties to the proceedings then pending, the respondent cannot now be made a party to the present proceeding.

The decision depends upon the true meaning and construction of the St. 1902, c. 440, § 1, which is re-enacted in the St. 1906, c. 463. This act marks a change in statutory provisions and in the policy of the law. *Aldermen of Fitchburg* v. *Boston & Maine Railroad*, 203 Mass. 304, 310. In general, it makes the street railways referred to parties entitled to be heard, and liable for a share of the expenses in all future proceedings. It also brings such street railways into the same class in all cases of pending proceedings where no commission has been appointed. It excepts and puts into a separate class such street railways, in cases of pending proceedings where a commission has been appointed, provided the proceedings are followed to a determination of the rights of the parties; but it makes an exception of these street railways only as to what may be done in the proceedings then pending. The reason of this exception is doubtless to enable the parties, where much expense has been incurred and the proceedings are near their end, to go on under the existing law, rather than to bring in new parties whose interests might require a re-hearing from the beginning.

There is nothing in the statute which precluded the court from dismissing the petition without prejudice, by agreement of the parties, and leaving them to determine their rights afterwards, under the laws applicable to the new proceedings. Upon the true construction of the statute there is no doubt of its constitutionality. *In re Mayor & Aldermen of Northampton*, 158 Mass. 299. *Providence, Fall River & Newport Steamboat Co.* v. *Fall River*, 183 Mass. 535.

The respondent also contends that the St. 1901, c. 205, which was a special act, takes the crossings referred to out of the provisions of the general laws, so that the statutes of 1902, c. 440, and 1906, c. 463, Part I. § 29, are not applicable to them. This contention is founded on a misconstruction of the special act. It is entitled, "An Act relative to the grade crossing of the Old Colony Railroad and the East Taunton Street Railway at Chace's Crossing in the city of Taunton." It allowed the East Taunton Street Railway Company to intervene and become a party to the consolidated petitions in regard to the crossings now in question, and contained full provisions as to the abolition of Chace's Crossing, and no provisions as to the other crossings. It ended with this sentence: "In all other respects the proceedings under said petitions and the rights and liabilities of the parties in interest shall be as specified in said chapter four hundred and twenty-eight, and in the acts in amendment thereof and in addition thereto." The respondent argues that in this sentence there was special legislation designed particularly for these other grade crossings, and establishing permanently the rights of the parties as defined in said chapter four hundred and twenty-eight and in the amendatory and additional acts that had then been passed. On the contrary, the meaning of the statute is that these provisions relative to Chace's Crossing shall not affect the rights of the parties at other crossings, but that they shall be left to be governed by general laws. As here used, the words "acts in amendment thereof and in addition thereto," include all general legislation, affecting that chapter, that had been enacted or that might afterwards be enacted.

*Decree affirmed.*

*E. W. Burdett & F. M. Ives*, for the Old Colony Street Railway Company.

*D. Malone*, Attorney General, & *F. B. Greenhalge*, Assistant Attorney General, for the Commonwealth, were not called upon.

*D. G. O'Keefe*, for the petitioners, was not called upon.