# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF VERMONT

---

DELAWARE & HUDSON COMPANY *v.* RUTLAND RAILROAD COMPANY.

October Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1922.

*Railroads—Charter Rights in Another Railroad's Right of Way Unaffected by Rental Agreement or Requirement of Construction of Independent Track—Right to Install Siding— Burden of Procuring Necessary Finding of Fact.*

1. A railroad's rights under its charter, whether fully understood by it or not, to use the right of way of another railroad, in the absence of an agreement between the railroads respecting the right of the former company to enter upon the right of way of the latter company, were not affected by a mutual agreement of such railroads respecting the amount of rent to be paid for such use.

2. Where a railroad under its charter has the right, upon compensation, to use the right of way of another railroad, subject to such rules and regulations of the other railroad as to give no unreasonable advantage to either, a request of such other railroad requiring the first railroad to construct an independent track was a proper exercise of regulation, and the rights of the first railroad under its charter were not affected thereby.

3. A railroad, having the right under its charter to maintain an independent track over the right of way of another railroad, is entitled to all such incidental rights as are essential to the beneficial use and enjoyment of such right of way for the convenient and safe handling of its trains and business, including the construction of such side tracks as its business may reasonably require, limited only by the charter provisions that the use shall be subject to such rules and regulations of the other railroad as shall give no unreasonable advantage to either railroad.

4. Whether the building of a side track on such right of way, by a railroad having the right under its charter to use the right of way of another railroad, gave it an unreasonable advantage over the other railroad, which was forbidden by such charter, was a question of fact, as to which, in a proceeding in equity against the latter railroad for relief by injunction from interference with such side track, the burden of securing a favorable finding was upon the former railroad, the failure to secure which justified a decree against it.

APPEAL IN CHANCERY. Bill to restrain defendant in relation to a side track constructed by plaintiff. Heard on a Special Master's Report, at the March Term, 1921, Windsor County, *Fish,* Chancellor. Bill dismissed. Plaintiff appealed. The opinion states the case. *Decree reversed, pro forma, and remanded with directions.*

*Marvelle C. Webber* for the plaintiff.

*Edwin W. Lawrence* and *W. B. C. Stickney* for the defendant.

MILES, J. This is a bill in chancery to restrain the defendant from interfering with, removing, injuring, or destroying any siding or side track which the plaintiff has or may have upon the southerly side of its railroad track between Center Rutland and the railroad station in the city of Rutland, and particularly any siding or side track which might be constructed and located substantially in the place where a former side track was located near the plant of the Rutland Waste & Metal Company, so called, in the city of Rutland, and for an accounting.

The case was referred to a master before whom a hearing was had, and upon the coming in of the master's report the bill was dismissed with costs. From this action of the chancellor, the plaintiff appealed to this Court.

The main question here raised relates to the plaintiff's right to construct and maintain the siding in question; but it necessarily involves the plaintiff's right to use the defendant's right of way. The parties themselves have so considered it in their briefs and oral arguments. That the plaintiff and its predecessors have had the right to use the defendant's road for the purpose of connecting with it at its depot in the city of Rutland is not disputed, but the parties disagree as to the origin and character of the right. The plaintiff claims that it exists by virtue of a license coupled with an interest, or by an equitable estoppel, or by virtue of a prescriptive right, or by an abandonment of the right by the defendant to that portion of the defendant's road southerly of the plaintiff's main track, whereby the plaintiff became the owner thereof; and that the consideration thereof was the plaintiff's surrender of its right to use the defendant's main track, and its construction of an independent track at its own expense.

The parties are corporations, the plaintiff being the successor to the rights of the Rutland & Washington Railroad Company, the Rutland & Whitehall Railroad Company, and the Rensselaer & Saratoga Railroad Company; and the defendant is the successor to the rights of the Champlain & Connecticut River Railroad Company and the Rutland & Burlington Railroad Company.

Prior to 1847, the Champlain & Connecticut River Railroad Company had built its single track line of railroad from Center Rutland to what is now the city of Rutland, a distance of about two miles, and it and its successors have since operated that line of road, except that from 1871 to 1896 it was operated by the Central Vermont Railway Company under a lease from the defendant. Between 1847 and 1851 the Rutland & Washington Railroad Company built a line of railroad from New York line to Center Rutland, and there entered upon the Champlain & Connecticut River Railroad Company's main line track and ran its trains over that line from some time as early as June 18, 1851, until some time as late as or subsequent to May 20, 1852, to what is now the city of Rutland.

The master has failed to find by what arrangement the Rutland & Washington Railroad Company connected with and used the Champlain & Connecticut River Railroad Company's track; but he finds that the charter of the Rutland & Washington Railroad Company, among other things, contained a provision that it might "enter upon the road of the Champlain & Connecticut River Railroad Company, at any convenient point in Rutland, this corporation paying for the use of said road, or any part thereof, such toll or compensation as the respective parties may agree upon; and, in case of their disagreement, such toll or compensation as the Legislature may prescribe; and submitting to such rules and regulations of the company owning such road, as to give no unreasonable advantage to one corporation over the other."

[1]    There being no finding of an agreement or arrangement between the Rutland & Washington Railroad Company and the Champlain & Connecticut River Railroad Company respecting a right of the former company to enter upon the right of way of the latter company, the right must depend upon the construction to be given the plaintiff's charter. The question is not one of license, equitable estoppel, prescriptive right, or abandonment, as claimed by the plaintiff. There is nothing in the case tending to show that. The arrangement between the Rutland & Washington Railroad Company and the resolution passed by the Champlain & Connecticut River Railroad Company, relied upon by the plaintiff as tending to establish its claim herein set forth, has no such tendency. An examination of that arrangement discloses the fact that the arrangement relied upon by the plaintiff related, not to the right to use the defendant's road, but to the manner of its use. It related solely to the compensation that should be paid by the plaintiff for services performed by employees of the defendant and for rent for passenger depot, sidings, land, and right of way. The right to use the defendant's road is unaffected by the question of compensation for services and rent mentioned in the arrangement of 1892. That has been adjusted by mutual agreement in force at the present time. The fact that Hammond as superintendent, or in any other capacity as representative of the plaintiff, agreed to the rental for the use of the right of way, in the negotiations with the defendant's representatives at some time when adjusting terminal

arrangements, does not change the plaintiff's right under its charter, whether it did or did not understand those rights.

[2]    The plaintiff is aided to no greater extent by the resolution relied upon than it is by the arrangement above discussed. The arrangement by which the plaintiff was to construct the independent track not being performed, the resolution was adopted, and that called upon the plaintiff's predecessor to construct that track, and shortly after that it did construct it.    The resolution was nothing more than a regulation by the owner of the defendant's road, which it had a right to exercise under the plaintiff's charter.

The charter manifestly authorizes the construction of a road to the then village of Rutland over the defendant's right of way, there to connect with the road now owned by the defendant.    The plaintiff was not expected to merely unite with the defendant's road.    It was to enter upon its road.    It empowered the plaintiff to occupy the right of way already devoted to a public use, subject only to compensation and such rules and regulations of the owner of the road as to give no unreasonable advantage of one corporation over the other.    The charter of the plaintiff left the compensation or toll for the use of the defendant's right of way and terminal arrangements to be adjusted by agreement between the parties.    It did not relate to the right to use the same track, nor to the use of a single track, except with the consent of the defendant.    Such was the practical construction given to the charter by the parties themselves.    When called upon to furnish their own track, they seemed to have complied without objection.    If the owner of the defendant's road, by a regulation that gave no unreasonable advantage to it over the plaintiff, required the plaintiff to construct its track over any portion of the defendant's right of way, covered by the charter, it was its duty to submit to such regulation.    A regulation in this regard was all that was attempted in the arrangement and resolution relied upon by the plaintiff.    It was, no doubt, inconvenient to both roads to do their business over a single track, and the construction of the second track was an advantage to both parties, if not a necessary act, in view of the increased business that must have developed from the connection of these roads.    But this in no way affects the construction to be given the charter.

[3]   It being determined that the plaintiff has the right to maintain its independent track over the defendant's road, under proper regulations of the owner of the defendant's road, by virtue of its charter, we come to the main question of whether the plaintiff is entitled to install the siding in question.

The grant in the plaintiff's charter, upon which its right depends, was of such a right as would carry with it all that was essential to its beneficial use or enjoyment, that did not give to it an advantage over the owner of the defendant's road. But this rule does not, of itself, solve the question here presented. The provision that the exercise of the right was to be subject to defendant's regulations, which were to be such as to give no unreasonable advantage to either road, is to be considered in the solution of that question. As we have seen, the grant was more than the grant of a right to connect with the defendant's road. It was a right to operate its railroad over the defendant's location, with such incidental rights as would be essential to its beneficial use in connection with the defendant's use of its road. This would include such things as would pertain to the convenience and safety of handling trains and the convenience and facilities of handling its business, including such side tracks as the business might reasonably require. This view does not take away from the defendant its right of way southerly of its main track. That still forms a part of the defendant's location (*Rutland R. Co.* v. *Chaffee,* 71 Vt. 84, 42 Atl. 984, 48 Atl. 699; *Worcester & Nashua R. Co.* v. *Railroad Commissioners,* 118 Mass. 561), and defendant can use and control it, except so far as the grant to the plaintiff, as above construed, interferes. It can even say that the plaintiff shall build no more side tracks, provided such a regulation did not give it an unreasonable advantage over the plaintiff. The charter contemplates that the defendant shall have an advantage, but not an unreasonable one.

[4]   What effect the building of the side track in question would have upon the defendant's right is a question of fact, and the burden is upon the plaintiff to secure a finding that its installation would not give to it an advantage over the defendant. The failure to procure such a finding subjects the plaintiff to an adverse decree. So the decree below was right. The fact that the defendant does not raise these points is of no consequence, as the result is an affirmance of the decree below; but as both parties have requested that the rights of the parties be settled

in the final disposition of this case, if that can be done, we reverse the decree below *pro forma* and remand the case with the mandate:

> *That the case be referred to the master to find whether the installation of the siding in question is essential to the beneficial use and enjoyment of the plaintiff's right to use the defendant's right of way in the manner herein indicated; and whether, if installed, it will give no unreasonable advantage to the plaintiff over the defendant; and, upon the coming in of the findings relative to those matters, let a decree be entered in accordance with the views expressed in this opinion.   Costs in this Court are allowed the defendant.*