DELAWARE & HUDSON COMPANY *v.* RUTLAND RAILROAD COMPANY.

November Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed October 7, 1930.

*Marvelle C. Webber* for the plaintiff.

*Edwin W. Lawrence* for the defendant.

14

SLACK, J. This case has been in this Court once before, and the respective rights of the parties in the use of the right of way over which their main line tracks are laid between Center Rutland and Rutland were then determined. See 96 Vt. 1, 116 Atl. 211.

Then it was held that plaintiff's use of such right of way is not necessarily limited to the operation of its main line track but includes such incidental rights as are essential to the beneficial use and enjoyment of its main line that do not give it an advantage over the defendant. This was held to cover such things as pertain to the convenience and safety of handling its trains and the convenience and facilities of handling its business, including such side tracks as its business may reasonably require. But it was also held that plaintiff's right in the use of such right of way is subordinate to that of the defendant and that the plaintiff must observe such rules and regulations respecting its use thereof as the defendant may prescribe, provided they are not such as give the defendant an unreasonable advantage over the plaintiff. In other words, the effect of our conclusions then reached was that the plaintiff is entitled to side track connection with the Rutland Waste & Metal Company, if it is essential to the beneficial use and enjoyment of its right to use said right of way, and does not give it an advantage over the defendant, and that the defendant had the right to say by whom and in what manner such connection should be made and used if in so doing it did not acquire an unreasonable advantage over the plaintiff. But the defendant never attempted to exercise its authority in this matter, other than to deny absolutely the plaintiff's right to maintain the connection which it had made, until after the case was remanded for further findings as hereafter indicated. It neither prescribed regulations under which the plaintiff might make such connection nor signified a willingness to furnish such connection itself. Such being the defendant's attitude, when the case was previously here, and it having been determined that plaintiff was entitled to such connection if it was essential to the beneficial use and enjoyment of its right to use such right of way, and gave it no advantage over the defendant, the case was remanded with a mandate that it be found whether the installation of the siding in question was essential to the beneficial use

and enjoyment of plaintiff's right to use such right of way in the manner indicated in the opinion, and whether if installed it would give no unreasonable advantage to the plaintiff over the defendant, and that upon the findings respecting those matters a decree be entered in accord with the views expressed in the opinion. The findings upon both issues submitted by the mandate, and likewise the decree, were for the plaintiff, and the case is here on defendant's exceptions and appeal.

The defendant insists in the first place that the plaintiff is not entitled to side track connection with the Rutland Waste & Metal Company under any circumstances because its right to maintain side tracks is limited to so-called passing tracks and does not include industrial sidings like this one. This question was decided adversely to the defendant in our former disposition of the case. While no particular kind of siding is referred to in that opinion this identical siding was the only one involved and it was held in effect that if essential to the beneficial use and enjoyment of plaintiff's use of the right of way in question it had the right to maintain it, as the case then stood, if it thereby acquired no advantage over the defendant.

■ The defendant claims that it will have no advantage over the plaintiff if the latter's use of said siding is enjoined because in that event the Rutland Waste & Metal Company will be obliged to do its business with each road at its regular shipping and receiving point, and that since it will acquire no advantage by depriving plaintiff of the use of this siding, it has the right to do so. The merits of this claim are not considered because of defendant's delay in raising it. It presents a question of fact depending upon the relative location of the parties general shipping points to the plant of the Rutland Waste & Metal Company and other circumstances, and raises an issue not covered by the mandate which was made many years ago, and which the defendant has never taken any steps to have enlarged or modified.

The defendant excepted to the finding "that the installation and maintenance of this siding is essential to the beneficial use and enjoyment of the plaintiff's right to use the defendant's right of way pertaining to the convenience and safety of handling trains and the convenience and facilities in handling its business," and to each of the several parts thereof on the ground that neither the finding as a whole nor the several parts

were supported by the evidence. It is doubtful if the evidence justified that part of the finding relating to the convenience and safety of handling plaintiff's trains, but this is immaterial since it does support the rest of the finding which is all that is necessary to sustain the decree so far as this issue is concerned.

Much of the evidence relied upon to support this finding was received subject to exception. Whether those exceptions are relied upon is not certain. Be that as it may, we have examined the record and are satisfied that most of this evidence was admissible, and that such as was not, if any, is not shown to have harmed the defendant.

On the hearing under the mandate the defendant obtained a finding that it is ready and willing to build a track from its main line across the main line of the plaintiff "to the siding" serving the Rutland Waste & Metal Company and to serve the plaintiff on that siding in the same way that the plaintiff is now serving the defendant. This finding the defendant insists gives it the right to install and maintain a siding to the plant of the Rutland Waste & Metal Company instead of allowing the plaintiff to do so. While it is perfectly obvious to everyone that the arrangement proposed by the defendant, which would necessitate switching across the plaintiff's main line all cars coming from or going to the Rutland Waste & Metal Company, is most impracticable, we are not prepared to say that it would not have had the right to insist upon it had it taken this position at the outset and perhaps even now on proper findings, if it did not thereby obtain an unreasonable advantage over the plaintiff. In the circumstances, however, the findings are insufficient to change the situation. The plaintiff has been to the expense of installing this connection and there is no finding of a readiness on the part of the defendant to reimburse it therefor or to place it in *statu quo*. Moreover, the finding is not that the defendant is now ready to build a siding to the plant of the Rutland Waste & Metal Company but that it is willing to build a track from its main line, etc., "to the siding" that now serves that party. If the plaintiff owns the latter siding, as we assume it does the contrary not appearing, the defendant has no right to use it or connect with it without the plaintiff's consent.

Due to an unfortunate oversight the mandate sent down when the case was remanded did not correspond with the views.

expressed in the opinion. It was held when the case was here before that to entitle the plaintiff to maintain the siding in question it must show that such siding gave it *no* advantage over the defendant. The mandate directed a finding as to whether such siding gave the plaintiff an *unreasonable* advantage over the defendant. In the use of the word *unreasonable* the mandate was clearly wrong. The issue that should have been submitted was whether such siding gave the plaintiff any advantage over the defendant, and not whether it gave the plaintiff an unreasonable advantage. Because of this error the decree is reversed *pro forma* and the case remanded with directions:

That it be found whether the installation and maintenance of the siding in question by the plaintiff will give it any advantage over the defendant; and, upon this finding being made, let a decree be entered in accordance with the views herein expressed. Neither party to take costs in this Court.

NOTE.—WATSON, C. J., having deceased, took no part in this decision.